# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

**JASON T. DOVER,**

      **Plaintiff,**

v.                                                         Case 1:19-cv-01086-JDT-cgc

**CITY OF JACKSON;**
**JODY PICKENS,** *District Attorney*;
**JACKSON MADISON COUNTY JAIL;**
**JULIAN WISER,** *Chief of Police*; **and**
**DARYL HUBBARD,** *City Court Clerk*;

      **Defendants.**

---

## REPORT AND RECOMMENDATION ON *IN FORMA PAUPERIS* SCREENING PURSUANT TO 28 U.S.C. § 1915

---

On May 9, 2019, Plaintiff Jason T. Dover filed a *pro se* Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Section 1983") and a motion to proceed *in forma pauperis*. (Docket Entry ("D.E.") # 1 & 2.) The motion to proceed *in forma pauperis* was granted on May 13, 2019. (D.E. # 6.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05.[1] For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915 ("Section 1915") for failure to state a claim upon which relief may be granted.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

## I.  Introduction

This case arises out of Plaintiff's arrest on October 3, 2018 at a Wal-Mart in Jackson, Tennessee after Plaintiff allegedly stole $122.38 in merchandise. Plaintiff makes many allegations in his Complaint. Plaintiff first alleges that Wal-Mart, who is not a defendant in this action, wrongfully handled his detention. Plaintiff states that he was never shown the list of allegedly stolen items nor the amount until after his arrest. Plaintiff further states that Wal-Mart associates took his shopping bags out of the room, then came back with additional shopping bags. Plaintiff alleges he tried to explain that the "machine had issues, and no one was around to help him" and he was in a rush to get to the "emergency room for severe medical issues [he] was having."

Plaintiff next alleges that he was denied medical attention and not accommodated for his disability while at the Madison County Jail.[2] Specifically, Plaintiff states that he was vomiting blood, that blood was in his stool, and that he must have a gluten free diet due to an allergy. According to Plaintiff, the nurse did not take him seriously, did nothing to help, and he was denied medications and gluten free foods.

Plaintiff then alleges that his arrest warrant was not signed and sworn within forty-eight hours of his arrest. Rather, Plaintiff contends that the warrant was only presented as completed to his attorney on November 29, 2018. According to Plaintiff, District Attorney Jody Pickens, acknowledged on the news that there were issues with several warrants. As a result, Plaintiff's warrant was "reissued" on February 7, 2019 and a new case was initiated.

For relief, Plaintiff seeks that Defendants' practices be declared a "violation of the U.S. Constitution," and that he be awarded compensatory and punitive damages for unlawful detention, severe embarrassment, humiliation, loss of job, and emotional and physical pain.

---

[2]  The Plaintiff identifies the Madison County Jail as the Jackson Madison County Jail in his Complaint.

2

**II.     Analysis**

Plaintiff's Complaint alleges violations of his civil rights pursuant to Section 1983. Pursuant to Section 1915, in proceedings *in forma pauperis*, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 93, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in *pro se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A *pro se* complaint must still "contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and emphasis omitted)). District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a *pro se* litigant's claim for him. *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003). Generally, to successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

As to claims against Jody Pickens in his official capacity as the District Attorney, District Attorneys "prosecute suits on behalf of the State of Tennessee, receive salaries payable out of the state treasury, and therefore are employees of the State of Tennessee." *Thompson v. Tenn. Dist. Attorney Gen.'s Office*, 2018 WL 6181357, at *3 (M.D. Tenn. Nov. 27, 2018) (citing *White by Swafford v. Gerbitz*, 860 F.2d 661, 663 n.2 (6th Cir. 1988)). Accordingly, a suit against Jody Pickens in his official capacity as District Attorney is essentially a suit against the state itself. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (explaining that official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent"). The Eleventh Amendment bars suits against a state in federal court, with few exceptions.[3] *Graham*, 473, U.S. at 159; *Penhurst State Schl. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). As such, Plaintiff's claims against Jody Pickens in his official capacity as District Attorney are barred by the Eleventh Amendment and therefore it is RECOMMENDED that Plaintiff's claims against him be dismissed for failure to state a claim upon which relief may be granted.

As to claims against the Madison County Jail, a "person" for purpose of Section 1983 includes municipal corporations, individuals, and "other bodies political and corporate." *Monell*, 436 U.S. at 689-90, n.55. Jails, however, are not considered a "person" that may be sued under Section 1983. *See e.g., Starks v. Wilson Cty. Jail*, 2015 WL 1786044, at *1 (M.D. Tenn. 2015); *Seals v. Grainger Cty. Jail*, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger

---

[3] One such exception is the *Ex parte Young* doctrine. Under the *Ex parte Young* doctrine, a federal court may issue prospective injunctive relief against a state official sued in his or her official capacity. 209 U.S. 123 (1908); *see also Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (explaining that the Eleventh Amendment does not bar suits against state officials in their official capacity for injunctive relief). Although Plaintiff states that he is seeking "declaratory and/or injunctive relief," his Complaint seeks only monetary damages and a declaration by the court that the practices complained of are violations of the United States Constitution. Plaintiff does not seek any prospective injunctive relief. Accordingly, the doctrine in *Ex parte Young* does not apply.

County Jail, however, is not a suable entity within the meaning of § 1983."). Accordingly, it is RECOMMENDED that Plaintiff fails to state a claim for which relief may be granted as to any allegations against the Madison County Jail.

As to claims against Julian Wiser, in his official capacity as the Chief of Police, and claims against Daryl Hubbard, in his official capacity as City Court Clerk, those claims are construed as claims against the City of Jackson. As stated above, official capacity suits are generally treated as suits against the "entity of which an officer is an agent." *Monell*, 436 U.S. 691 n.55. Julien Wiser is the Police Chief for the Jackson, Tennessee Police Department.[4] Accordingly, a claim against Julian Wiser in his official capacity is, in essence, a claim against the City of Jackson. Similarly, the Sixth Circuit has stated that civil rights suits against a clerk of court in his or her official capacity is essentially a suit against the clerk's employer. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008). Daryl Hubbard is the City Court Clerk for the City of Jackson, Tennessee.[5] As such, a claim against Daryl Hubbard in his official capacity is also a claim against the City of Jackson. Plaintiff's claims against the City of Jackson are discussed below. As such, it is RECOMMENDED that any claims against Julian Wiser, in his official capacity as the Chief of Police, and against Daryl Hubbard, in his official capacity as the City Court Clerk, be dismissed for failure to state a claim upon which relief may be granted.

As to claims against the City of Jackson, the Supreme Court in *Monell v. New York Social Service,* 436 U.S. 658 (1978), outlined the standard for municipal liability under Section 1983. Pursuant to *Monell*, liability must be based on the existence of some policy, procedure, or custom

---

[4] *Police Staff*, City of Jackson, http://www.cityofjackson.net/police/staff/ (last visited May 21, 2020).

[5] *City Court*, City of Jackson, http://www.cityofjackson.net/city-court/ (last visited May 21, 2020).

which results in constitutional harm to the plaintiff and may not be predicated solely on the basis of a respondeat superior theory. *Monell*, 436 U.S. at 690-91. Furthermore, a municipality is only liable under Section 1983 if an "officially executed policy, or the toleration of a custom within [it] leads to, causes, or results in the deprivation of a constitutionally protected right." *Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 690-91). Additionally, the policy must be connected to the municipality in such a way as to show that the injury was caused by the execution of that policy. *See Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

Plaintiff's Complaint may be liberally construed to allege violations of his Fourth and Fourteenth Amendment rights. Specifically, in regards the Fourth Amendment, Plaintiff alleges that he was arrested at the Wal-Mart located in Jackson, Tennessee after he stole $122.38 in merchandise. According to Plaintiff, the subsequent arrest warrant was not "signed and sworn" within forty-eight hours of his arrest and thus invalid. Plaintiff further alleges that after January 4, 2019, a new search warrant was served to his attorney and a new, separate case regarding the stolen merchandise was initiated. In regard to his Fourteenth Amendment claim for inadequate care,[6] Plaintiff alleges that, at the time he was arrested, he was vomiting blood and that his stool contained blood, and that he was trying to leave Wal-Mart quickly to get to the emergency room. Additionally, Plaintiff alleges he has a gluten allergy. According to Plaintiff, the nurse did not

---

[6] The Eighth Amendment applies only to post-conviction inmates. *Ford v. Cty. of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008). Pre-trial detainees, such as Plaintiff, however, have an equivalent right to adequate medical treatment under the Due Process Clause of the Fourteenth Amendment. *Id.* In order to sufficiently allege inadequate care in violation of his constitutional rights, Plaintiff must establish that the deprivation was "objectively 'sufficiently serious'" and that the care providers acted with deliberate indifference to those medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Jackson v. Wilkins*, 517 F. App'x 311, 317 (2013).

take his complaint seriously and he was denied medications and gluten free foods. Plaintiff also complains that there was a bone in his chicken salad and that he was put in a solitary cell without a properly working toilet.

To hold a local government liable, Plaintiff must plead that there was a policy or custom by showing "(1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence to federal violations." *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009). As to his Fourteenth Amendment claim, Plaintiff fails to sufficiently plead a policy or custom, as opposed to this one incident. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 432-33 (6th Cir. 2005) (explaining that one incident of an alleged violation of constitutional rights is not sufficient to establish a policy or custom). Rather, Plaintiff makes conclusory statements such as the City of Jackson is "responsible for the policies, practices, and customs of its police department [] and city court [] as well as the training, supervision[,] and control of their employees." Conclusory allegations that a city has an unlawful policy or custom, without identifying it, is insufficient. *See, e.g.*, *Huffer v. Bogen*, 503 F. App'x 455, 462 (6th Cir. 2012). Accordingly, Plaintiff fails to establish that the City of Jackson had a policy or custom of violating his Fourteenth Amendment rights.

As to Plaintiff's Fourth Amendment claim, Plaintiff's Complaint is less clear. As stated above, Plaintiff's conclusory assertion that there was a policy or custom within the City of Jackson of violating Fourth Amendment rights is insufficient by itself. Plaintiff, however, asserts that Jody Pickens acknowledge on January 18, 2019 that there had been "issues" with several warrants being sworn properly before being issued. Plaintiff then states, however, that his case is different than this pattern of cases. As such, without more, Plaintiff again fails to point to a legislative enactment

or official agency policy; specific actions taken by officials with final decision-making authority; a policy of inadequate training or supervision; or a custom of tolerance or acquiescence to federal violations to sufficiently demonstrate a policy or custom for purposes of his Section 1983 claim.

In the alternative, however, that Plaintiff sufficiently states a policy or custom of the City of Jackson, Plaintiff has not shown that it led to a constitutional violation. The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. "'[F]or § 1983 liability' in Fourth Amendment cases, 'the seizures must be 'unreasonable.'" *Graves v. Mahoning Cty.*, 821 F.3d 772, 775 (6th Cir. 2016) (citing *Brower v. Cty. of Inyo*, 489 U.S. 593, 599 (1989)). Alleging only that an arrest warrant is invalid without alleging that the county or city law enforcement officers lacked probable cause is insufficient to establish a Section 1983. *Id.* at 775-77. Plaintiff does not allege that the officers lacked probable cause, but only that the first warrant was not signed or sworn within forty-eight hours. Furthermore, Plaintiff contends that a new warrant based on his alleged theft at Wal-Mart was issued properly and a new case initiated. Accordingly, even had Plaintiff sufficiently stated a policy or custom, Plaintiff has not sufficiently established a violation of his constitutional rights. As such, it is RECOMMENDED that Plaintiff's Section 1983 claims against the City of Jackson be dismissed for failure to state a claim upon which relief may be granted.

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant

seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**SIGNED** this 21st day of May 2020.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**